UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Mattel, Inc., ) | |
| ) | |
| Plaintiff, ) | Case No.: 1:25-cv-01535 |
| v. ) | |
| ) | Dist. Judge Lindsay C. Jenkins |
| The Partnerships and ) | |
| Unincorporated Associations ) | Mag. Judge M. David Weisman |
| Identified on Schedule A, ) | |
| Defendants. ) | |

**Unopposed Motion for Extension of Time**

**NOW COMES** chenyu ("Defendant"), by and through its undersigned counsel, and hereby requests a short extension of time to respond to the Complaint, stating as follows:

1. Defendant was ostensibly served with process on March 17, 2025. [Dkt. 35].

2. Defendant has recently retained undersigned counsel and is substantively engaged in settlement discussions with Plaintiff. Defendant requires a short additional time to explore and complete settlement, or respond to the Complaint, if ultimately necessary. Defendant submits that an extension will not materially prejudice Plaintiff as other defendants may be separately defaulted, a short time has passed since the original response deadline, and a short extension may help avoid unnecessary substantive motion practice.

3. This Court may, for good cause, extend the time by which a defendant's responses are due after the time has expired if a defendant failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). "[U]nder Rule 6(b)(1) as interpreted by case law, the term "good cause" imposes a light burden." McCann v. Cullinan, 2015 WL 4254226, at * 10 (N.D. Ill 2015), *citing*, 1 Moore's Federal Practice § 6.06 [2] p. 632 (Matthew Bender 3d ed. 2013); *See*, Sec. Ins. Co. of Hartford v. Schipporeit, Inc., 69 F.3d 1377, 1381 (7th Cir. 1995), *citing*, C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co., 726 F.2d 1202, 1205 (7th Cir. 1984) ("[I]t is the policy of [the Seventh

Circuit] to favor trials on the merits over default judgments."); *See also*, Anderson v. Stanco Sports Library, Inc., 52 F.R.D. 108, 109 (D. S.C. 1971) ("[T]o enter default would deprive defendant of its day in court and preclude just determination of the question of liability."). Moreover, the interests of judicial efficiency may not only be considered good cause under Rule 6, but also forgive a defendant's excusable neglect. *See*, White v. Marshall, 2009 WL 230096, at *3 (E.D. Wis. Jan. 30, 2009); *See also*, Kane v. Fin. of Am. Reverse, LLC, 2018 WL 2001810, at *2 (S.D. Ind. Apr. 30, 2018) (granting extension to file document where delay was minimal, not impactful to the case moving forward, and not prejudicial to the opposing party).

4. Defendant respectfully requests this Court extend the date on which Defendant is to have filed response(s) to Plaintiff's Complaint, if ultimately necessary, to May 2, 2025.

5. This motion has been filed in good faith and in the interest of judicial economy, and is not interposed for purposes of delay.

6. This is the first motion for an extension filed by Defendant in this case.

7. Plaintiff has expressed that it does not oppose the requested extension.

**WHEREFORE**, Defendant prays that the Court will enter an order:

a) extending the time for Defendant to respond to Plaintiff's Complaint until May 2, 2025.

Dated this April 11, 2025

Respectfully Submitted,

/s/ Adam E. Urbanczyk
Adam E. Urbanczyk
AU LLC
444 W. Lake St. 17th Floor
Chicago, IL 60606
(312) 715-7312
adamu@au-llc.com
*Counsel for Defendant*